Mark D. Estle, SBN 135004
Erica T. Loftis, SBN 259286
Buckley Madole, P.C.
12526 High Bluff Drive, Suite 238
San Diego, CA 92130
Telephone: 858-720-0890
Fax: 858-720-0092
Mark.Estle@BuckleyMadole.com

Attorneys for Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA- FRESNO DIVISION

| | |
|---|---|
| In Re:<br><br>Mary Bryant,<br><br>Debtor. | Bankruptcy Case No.: 15-11671<br><br>Chapter 7<br><br>Date:   No Hearing Scheduled<br>Time:<br>Judge:  Honorable Frederick E. Clement<br>Place:  United States Bankruptcy Court<br>        2500 Tulare St., Ste. 2501<br>        Fresno, CA 93721<br>        Department A, Courtroom 11 |

### WELLS FARGO BANK, N.A. EX PARTE MOTION TO REOPEN CASE

Wells Fargo Bank, N.A. (hereinafter "Movant") hereby moves this Court for an Order Re-opening the above-captioned Chapter 7 case pursuant to 11 U.S.C. §350(b) and Federal Rule of Bankruptcy Procedure 5010.  Movant is requesting that the above-captioned Chapter 7 case be reopened to allow Movant to file a Notice of Motion and Motion to Annul the Automatic Stay/Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(4)(B)("Motion for Relief") as to a foreclosure sale that occurred on October 29, 2014.

This motion is brought pursuant to Local Rule 5010-1 of the Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California, and is supported by the concurrently filed declaration of Erica T. Loftis, the memorandum of points and authorities in

support of its Motion, Request for Judicial Notice, as well as the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at any hearing held in this matter.

Dated: August 31, 2015                                    BUCKLEY MADOLE, P.C.


                                                          By _/s/ Erica T. Loftis_
                                                          Erica T. Loftis, Esq.
                                                          Attorney for Wells Fargo Bank, N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

Wells Fargo Bank is the successor beneficiary to a promissory note dated September 24, 2007 executed by Donald E. Cary and Martha J. Cary ("borrowers") in the original principal amount of $ 196,950.00 and secured by a first priority deed of trust on the real property commonly known as 3143 Brickfield Ave., Tulare , California 93247 (the "Property").  Movant was informed Borrower, Donald E. Cary, passed away in 2008.

Borrower, Martha J. Cary, filed two bankruptcy petitions: (1) Case Number 10-16589, filed on 6/11/2010 and dismissed on 1/19/2012; and (2) Case Number 13-10473 filed on 1/25/2013 and dismissed on 2/12/2013.  On or around August 8, 2014, a grant deed executed by Martha Jane Cary purportedly transferred interest to Mary Jane Bryant Trustee of the Martha Jayne Cary Living Trust Under A Trust Dated January 11, 2014.  The grant deed was recorded on September 9, 2014 as instrument number 2014-0045901 of Tulare County Recorder's Office.  A copy of the Grant Deed is attached as Exhibit "A" to the declaration of Erica T. Loftis ("ETL Decl."); ETL Decl., ¶2)

On April 27, 2015, Mary J. Bryant ("Debtor") filed a voluntary petition under Chapter 7 of the bankruptcy code in the United States Bankruptcy Court, Eastern District of California, Fresno Division, as case number 15-11671 (ETL Decl., ¶3).  A copy of the docket report for Debtor's case is attached as Exhibit "B" to the ETL Decl.)  Debtor did not list the Property as her principal residence or mailing address and Debtor did not file any schedules asserting any interest in the Property.  Debtor did not list any interest in the Trust or disclose herself as a trustee.  The case was dismissed by the Court on May 8, 2015 for failure to file documents.

Mary J. Bryant filed a second bankruptcy petition on May 18, 2015 as case number 15-11999.  The case was dismissed on June 5, 2015 for failure to file documents but reopened on June 19, 2015.  As in the prior filing, Debtor has not set forth any interest in this Property or the Trust.

1    On May 7, 2015 without the knowledge of the Debtor's then bankruptcy filing, a non-judicial
2    foreclosure sale of the property occurred. The Property reverted back to Wells as beneficiary. A
3    Trustee's Deed Upon Sale has not yet been recorded (ETL Decl., ¶4).
4    The Debtor's first case was dismissed on May 8, 2015 for failure to timely file documents.
5    (ETL Decl., ¶5, See Exhibit B.) Debtor's case was subsequently closed on May 26, 2015. (ETL
6    Decl., ¶5, See Exhibit B, Docket Entry Number 18.)
7    Movant only became aware of Mary J. Bryant's assertion of interest to the Property in the
8    bankruptcy petitions by way of a civil complaint brought by Debtor in the Tulare Superior Court
9    as case number VCU260959.
10   As Debtor's bankruptcy case is currently closed, Movant requests that the Debtor's case be
11   re-opened to allow Movant to file and have heard a Motion for Relief from the Automatic Stay to
12   annul the stay as to the foreclosure sale that occurred on May 6, 2015. Movant contends that due
13   to the unauthorized transfer of the Property and the lack of notice of the bankruptcy, Movant did
14   not have proper notice of the filing. Moreover, Debtor's case was not filed in good faith and was
15   filed as part of a scheme to delay, hinder, and defraud Movant under 11 U.S.C. §362(d)(4)(A).
16   (ETL Decl., ¶6).

17   **II.    THIS CASE SHOULD BE REOPENED FOR CAUSE PURSUANT TO 11**
18   **U.S.C. §305(b)**

19   11 U.S.C. §305(b) provides that a case may be reopened in the court in which the case was
20   closed to administer assets, to accord relief to the debtor, or for other cause. Federal Rule of
21   Bankruptcy Procedure Rule 5010 allows a party in interest to do so by motion.
22   A Court should grant a motion to reopen so long as the movant makes a proper showing that
23   there is a legitimate issue before the Court. A "motion to reopen legitimately presents only a
24   narrow range of issues: whether further administration appears to be warranted; whether a trustee
25   should be appointed; and whether the circumstances of reopening necessitate payment of another
26   filing fee. Extraneous issues should be excluded." *In re Staffer*, 306 F.3d 967, 972 (9th Cir.
27   2002)(*quoting In re Menk*, 241 B.R. 896, 916 (9th Cir. BAP 1999)). "Although 'it is tempting to
28   say that the reopening motion entitles the court to perform a gatekeeping function that justifies

1  inquiring in to the related relief that will be sought,' such inquiries are in fact inappropriate." *Id*.
2  (*quoting Menk*, 241 B.R. at 916).
3      It is clear that the "further administration" is required in order for the Court to consider the
4  merits of Movant's Motion for Relief from Stay to annul the stay. Movant respectfully argues
5  that cause exists for the Court to issue an Order reopening Debtor's case.
6      Ultimately, however, the decision to reopen is within the discretion of the court, and merely
7  granting a motion to reopen does not afford substantive relief but simply provides the
8  opportunity to request further relief. *Chalasani*, 92 F.3d at 1307-08. *Accord In re Leach*, 194
9  B.R. 812 (E.D. Mich. 1996); *In re Germaine*, 152 B.R. 619 (B.A.P. 9th Cir. 1993).
10      In using its discretion to grant such a motion, "the Bankruptcy Court should exercise its
11  equitable powers with respect to substance and not technical considerations that will prevent
12  substantial justice." *Stark v. St. Mary's Hospital* (*In re Stark)*, 717 F.2d 322, 323 (7th Cir. 1983)
13  (per curiam). *Hawkins v. Landmark Finance Company*, 727 F.2d 324, 326 (4th Cir. 1984)
14  (involved the reopening of a case to permit a lien avoidance proceeding; the determination to
15  reopen a case is left to the sound discretion of the court and depends upon the circumstances of
16  the case).
17      While a showing of cause as to annulment may not be required at this stage, Movant offers
18  the following facts. Movant is aware Borrower, Donald Cary has passed away and has reason to
19  believe Martha Cary has also passed away. Debtor is neither a party to the loan obligation nor
20  did she schedule any interest in the property in the bankruptcy documents that were filed. After
21  this case was dismissed for failure to file required documents but prior to its closure, Debtor filed
22  a second Chapter 7 bankruptcy petition again as a face filing with little to no documents filed.
23  Movant will assert in its Motion for Relief from Stay this bankruptcy petition was filed in bad
24  faith and for the sole purpose of hindering foreclosure efforts.
25
26
27
28

### III.  CONCLUSION

For the reasons stated herein, Movant respectfully requests that the Court issue an order re-opening Debtor's case for the sole purpose of hearing and ruling on Movant's forthcoming Motion for Relief from Stay.

Dated August 31, 2015                                     BUCKLEY MADOLE, P.C.

                                                          By: */s/ Erica T. Loftis*___
                                                              Erica T. Loftis Esq.
                                                              Attorney for Wells Fargo Bank, N.A.